Catron, Ch. J.
delivered the opinion of the court.
The act of 1826 provides, that all persons who may have settled and were actually residing upon vacant and unappropriated land, on or before the 1st day of May, 1826, may have a quantity, not more than two hundred acres, so as to include his improvements, surveyed and spread on the general plan; and that such land shall not be subject to entry by another. The act of 1819, re-cognised by that of 1825, prescribes the mode of proof to authorise the survey and the entry on the general plan. The offer here was to prove that the affidavits on which the entries of the Kimbroughs were founded, were false, that the entries were fraudulent, and that the Kimbroughs had never been in possession and actually residing on that land.
The court below assumed the ground that the matter had been adjudged by the surveyor, and being adjudicated, was excluded from re-examination by any other tribunal. Had the surveyor been vested with powers to adjudge and determine the fact of actual residence, as a tribunal, then his judgment would be conclusive.
The land law of 1819, section 9, must determine the duties of the surveyor, in admitting an occupant to enter. It prescribes that the person offering to enter shall produce the deposition of two respectable persons, proving the necessary facts, sworn to before a justice of the peace, on which the surveyor shall be bound to receive the entry. He is not permitted to enquire of the truth or falsehood of the affidavits, and acts in a ministerial capacity. The doctrine holden in Pinson vs. Harkins and Ivey, 1 Yerger, 296, is conclusive of the position. The affidavits and survey grounded thereon, are prima facie evidence of a preference of entry by virtue of a war *446 rant in the occupant, hut nothing further; the fact of actual residence may be disproved. So this court held in the case of Hunter vs. Starns, at Reynoldsburg, some years since, on an appeal from the chancery court at Jackson, where Judge Whyte, sitting as Chancellor, had holden the same.
The judgment will be reversed, and the cause remanded for another trial.
Judgment reversed.